418

## HOCHBERG v. ACME GLASS CO.
### Nos. 1560, 1561.

District Court, W. D. New York.
Dec. 16, 1931.

Earl C. Vedder, of Olean, N. Y., for receivers, Acme Glass Co.

Herbert T. Silverberg, of Buffalo, N. Y., for claims, Glickstein & Terner, Inc., and Glickstein Bros. & Co.

ADLER, District Judge.

The claimants, Glickstein & Terner, Inc., and Glickstein Bros. & Co., were large purchasers of bottles from the defendant, the Acme Glass Company. It appears that for some time prior to the receivership of the defendant, a course of dealing had been entered into between defendant and claimants by which the claimants were to advance to the defendant money or credit against future deliveries of bottles.

As a consequence of these transactions the claimant Glickstein & Terner, Inc., filed a claim against the defendant amounting to $358,766.91. This claim was allowed by the special master appointed in the equity action at $300,000, subject, however, to the reduction of such claim by the amounts of notes of Glickstein & Terner, Inc., which are included in the claims of banks filed with the receivers, in the event that the court decides that only one claim can be put in on one note.

The claimant Glickstein Bros. & Co. filed a claim against the defendant amounting to $148,184.35. This claim was allowed by the special master at $125,000, subject, however, to the reduction of such claim by the amounts of notes of Glickstein Bros. & Co., which are included in the claims of banks filed with the receivers, in the event that the court decides that only one claim can be put in on one note.

The question to be decided is whether there is a duplication of claims. In the case of Glickstein & Terner, Inc., the part of their filed claim covers advances made by them to the defendant, and as to these advances there is no question involved here. That amount was fixed by the special master at $107,500. The remainder of the filed claim of $300,000, to wit, $192,500, represents notes made by Glickstein & Terner, Inc., to the defendant and by it indorsed to various banks who advanced that amount of money to the defendant. These banks have filed claims against the defendant company for the $192,500 they advanced on the notes. The banks have all undoubted right of action against the defendant on the notes, and their right to file claims cannot be questioned. It is the contention of Glickstein & Terner, Inc., that it has a right of action against the defendant for the entire amount of $300,000 advanced by it, part of which was advanced by the making of the notes to the order of defendant and on which defendant obtained the $192,500. That as defendant is clearly liable to it for the full $300,000, it has a right to file its claim for that amount.

A similar contention is made by Glickstein Bros. & Co., in the matter of their

claim allowed by the special master by stipulation at $125,000 on the condition stated above. This amount includes notes made by them to the defendant which it discounted with the Manufacturers' Trust Company in the amount of $79,595.82. The bank has filed its claim against the defendant for that amount. The special master has allowed the claim of Glickstein Bros. & Co. at $45,404.18, which is the difference between $125,000 and $79,595.82, or the amount for which the bank has filed a claim.

These contentions of the liability of the defendant to Glickstein & Terner, Inc., and to Glickstein Bros. & Co., for the full amount of the notes, are not justified in this case on the present status of the accounts among the parties. If the claimants paid the banks holding the negotiable paper, they could then file their claims for the full amount, but in that case the banks would lose their right to file a claim against the debtor's estate. The right of the indemnitor to recover is conditioned, not upon its liability to pay, but its actual taking up and discharging the claim of the holder. Proof is not allowed before the drawer pays. Samuels v. E. F. Drew & Co. (D. C.) 286 F. 281; Brannan's Negotiable Instruments Law Annotated (4th Ed.) Chaffee, page 553; Negotiable Instruments Law, § 61.

This is not a case for the application of the Equity Rule for the filing of a claim for the full amount where the creditor holds security. For the application of this rule, see Merrill v. National Bank of Jacksonville, 173 U. S. 131, 141, 19 S. Ct. 360, 43 L. Ed. 640; note 8 Minnesota Law Review, p. 232.

If the claimants were permitted to file claims according to their contentions, the receivers of the defendant when they pay dividends will pay twice on claims which, so far as the amount received by the defendant is concerned, represent one indebtedness. The rights of the other creditors of the defendant here intervene, and the receivers cannot in equity be permitted to duplicate payments of dividends on sums of money received only once. If that were permitted, the other creditors of the defendant would have their dividends reduced by the amount of these duplicate payments.

To adapt the language of the court in Samuels v. E. F. Drew & Co., supra, we are concerned here, not with the obligation enforcible at law against the debtor, but with the proportionate participation in a fund which came into the hands of the court.

The report of the special master allowing the claim of Glickstein & Terner, Inc., in the amount of $107,500, and the claim of Glickstein Bros. & Co. in the amount of $45,404.18, is confirmed.